**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

_____ FILED     _____ ENTERED
_____ LOGGED   _____ RECEIVED

JUL 11 2012

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

BY _____ DEPUTY

PJM 12 CV 2063

| | |
|---|---|
| **KIMBERLY ANN ALSTON** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **UNITED COLLECTION BUREAU, INC.** | ) |
| | ) |
| Serve:  The Corporation Trust Incorporated | ) |
| | ) |
| Defendant. | ) |

CIVIL ACTION NO. _____
**JURY TRIAL DEMANDED**

## COMPLAINT

COMES NOW the Plaintiff, Kimberly Ann Alston, (hereafter the "Plaintiff") and for her complaint against the Defendant United Collection Bureau, Inc. ("UCB") and alleges as follows:

### PRELIMINARY STATEMENT

1.      This is an action for actual and statutory damages, costs and attorney's fees brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. (hereinafter "FDCPA").

### JURISDICTION & VENUE

2.      The jurisdiction of this Court is conferred by 15 U.S.C. §1692k(d) and 28 U.S.C. §1331. Venue in this District is proper in that UCB transacts business here and the conduct complained of occurred here.

### PARTIES

3.      The plaintiff is a natural person and resides in Largo, Maryland. She is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

4.      Defendant UCB is a national debt collection agency. Defendant advertises on its website that it "has provided debt collection and accounts receivable management services to creditors since 1959" and services the national marketplace of Healthcare.

## FACTS

5.      Defendant UCB purports to have acquired a debt owed by Ms. Alston to Prince George's S. Hospital Center (the "Creditor"). The purported debt allegedly arose from services provided by the Creditor,  which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. §1692a(5).

6.      Ms. Alston did not have an outstanding debt obligation with the Creditor.

7.      Ms. Alston does not have any contractual obligation to UCB and does not owe UCB any amount of money.

8.      On April 30, 2012 at 8:50pm UCB called Ms. Alston's mother phone and left a message on the answering machine. UCB stated that it was a debt collector attempting to collect a debt and left a number for Ms. Alston to call her back.

9.      UCB's voice message was heard by third parties that were not authorized by Ms. Alston for UCB to communicate information about the debt.

10.     On May 17, 2012 at 5:33pm UCB called Ms. Alston's mother phone and left a message on the answering machine. UCB stated that it was a debt collector attempting to collect a debt and left a number for Ms. Alston to call her back.

11.     UCB's voice message was heard by third parties that were not authorized by Ms. Alston for UCB to communicate information about the debt.

12.     On May 24, 2012 at 5:25pm UCB called Ms. Alston's mother phone and left a message on the answering machine. UCB stated that it was a debt collector attempting to collect a debt and left a number for Ms. Alston to call her back.

13.     UCB's voice message was heard by third parties that were not authorized by Ms. Alston for UCB to communicate information about the debt.

14.     On June 1, 2012 at 4:26pm UCB called Ms. Alston's mother phone and left a message on the answering machine. UCB stated that it was a debt collector attempting to collect a debt and left a number for Ms. Alston to call her back.

15.     UCB's voice message was heard by third parties that were not authorized by Ms. Alston for UCB to communicate information about the debt.

16.     On June 6, 2012 at 8:50pm UCB called Ms. Alston's mother phone and Thomas Alston answered the phone. UCB prerecorded message stated that it was a debt collector attempting to collect a debt and left a number for Ms. Alston to call her back.

17.     UCB's prerecorded message was heard by Thomas Alston, who was not authorized by Ms. Alston for UCB to communicate information about the debt.

18.     On July 6, 2012 at 7:24pm UCB called Ms. Alston's mother phone and left a message on the answering machine. UCB stated that it was a debt collector attempting to collect a debt and left a number for Ms. Alston to call her back. This message was heard by unauthorized third parties.

## COUNT ONE: VIOLATIONS OF FDCPA

19.     Plaintiff realleges and incorporates paragraphs 1 through 18 above as if fully set out herein.

20.     Defendant violated 15 U.S.C. §1692c(b) on at least six occasions by communicating with persons about Plaintiff's alleged debt without prior consent from the Plaintiff to speak with those persons.

21.     As a result of the conduct, actions and inactions of Defendant, the Plaintiff suffered actual damages including without limitation, by example only and as described herein by Plaintiff: out-of-pocket expenses, embarrassment, humiliation, emotional and mental distress.

22.     Defendant's conduct was the proximate cause of Plaintiff's injuries, rendering Defendant liable for actual damages in an amount to be determined by the jury pursuant to 15 U.S.C. §1692k(a)(1), statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A), and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3).

WHEREFORE, your Plaintiff demands judgment for actual and statutory damages against Defendant; for her attorneys' fees and costs; for prejudgment and post-judgment interest at the legal rate, and such other relief as the Court deems just, equitable and proper.

**TRIAL BY JURY IS DEMANDED.**

**KIMBERLY ANN ALSTON**

By _____

Kimberly Ann Alston
10012 Cedarhollow Lane
Largo, MD 20774
(240) 432-0927
*Pro Se*